28 A.3d 1255 (2011)
422 N.J. Super. 377
Regina BASKETT, Diano Baskett, and Patricia Crumidey, Plaintiffs-Appellants,
v.
KWOKLEUNG CHEUNG, Defendant-Respondent.
Docket No. A-0755-10T4
Superior Court of New Jersey, Appellate Division.
Argued September 14, 2011.
Decided October 17, 2011.
*1256 George F. Hendricks argued the cause for appellants (Hendricks & Hendricks, attorneys; Patricia M. Love, New Brunswick, on the brief).
Russell A. Pepe, Hackensack, argued the cause for respondent (Harwood Lloyd, LLC, attorneys; Mr. Pepe, of counsel and on the brief).
Before Judges FUENTES, J.N. HARRIS, and KOBLITZ.
The opinion of the court was delivered by
JONATHAN N. HARRIS, J.A.D.
This case involves the 2008 amendments to Rule 1:13-7(a), our docket-clearing rule that is designed to balance the institutional needs of the judiciary against the principle that a just result should not be forfeited at the hands of an attorney's lack of diligence. Plaintiffs appeal from an order of the Law Division entered on July 23, 2010, denying their application to reinstate their complaint and dismissing the action with prejudice. They also seek relief from the order of August 27, 2010, denying their motion for reconsideration. We reverse and remand the matter for further proceedings.

I.
The genesis of this case stems from an August 18, 2005, automobile collision along Route 27 in Edison. Just days before the expiration of the two-year statute of limitations, plaintiffs Regina Baskett (the driver), Diano Baskett (a passenger), and Patricia Crumidey (a passenger), filed a six-count complaint against a single defendant, Kwokleung Cheung (the other driver), in the Middlesex vicinage.
For reasons that remain unclear, defendant was not personally served with process. Accordingly, on December 27, 2007approximately four months after the filing of the complainta sixty-day notice of future dismissal pursuant to Rule 1:13-7(a) was issued by the Law Division and sent to plaintiffs' designated trial attorney at the New Brunswick address[1] indicated in the complaint.
It was later revealed during motion practice that the designated trial attorney actually worked elsewhere. The scrivener of the complaint worked in the New Brunswick office; the designated trial attorney worked in Trenton. The law firm had operational procedures to ensure that each location would forward to the other any necessary paperwork involving its clients' matters. Unfortunately, those procedures failed, as the designated trial attorney in Trenton never received the Rule 1:13-7(a) notice from the New Brunswick office.
Not having received the notice of future dismissal, plaintiffs' counsel did nothing on his own initiative to advance the case. Since defendant had never been served, there was no discovery to conduct. Similarly, there was no opportunity to enter default and apply for a default judgment. Instead, the processes of Rule 1:13-7(a) hurried along, and on February 27, 2008,[2] plaintiffs' complaint was dismissed without prejudice. Thereafter, plaintiffs' case remained idle. The record does not reveal *1257 what plaintiffs or their attorney did for the next two years.
Eventually, animated by unknown events, plaintiffs' attorney was replaced on May 19, 2010, by their current counsel. Immediately thereafter, defendant was served with the complaint, and on June 17, 2010, plaintiffs' new attorney filed a motion to reinstate the complaint. Defendant opposed reinstatement and cross-moved to dismiss the complaint with prejudice.
At oral argument of the competing motions, the Law Division rightly noted, "we don't have an explanation as to the delay in service of process . . . for some three years." The motion judge also observed, "I do think that a case that is five years [old], all the medical records would need to be obtained, andand probably very dim memories and very difficult [for] defendant to defend, possibly even to prosecute, but certainly to defend." Applying the standard of exceptional circumstances,[3] which was never challenged by any of the parties, the motion judge ultimately held, "I don't find that the plaintiffs have been able to meet their burden under [Rule] 1:13-7. So, I am going to deny the motion to reinstate the complaint, and I am going [to] dismiss it with prejudice."
Plaintiffs immediately moved for reconsideration, and appended to their moving papers a certification of their former attorney who explained, for the first time, "[i]n all of the time that I worked on the case, I did not receive any indication that the defendant had not been served or that the case had been dismissed for lack of prosecution. I never received any notice of dismissal." Also, the attorney claimed, "[a]t the very least if I had received a notice of dismissal or notice that the defendant had not been served, I would have taken action to have the complaint served and get the case restored." Plaintiffs referenced our decision in Ghandi v. Cespedes, 390 N.J.Super. 193, 915 A.2d 39 (App.Div.2007), for the proposition that "absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality." Id. at 197, 915 A.2d 39.
The Law Division denied the motion for reconsideration. After professing familiarity with Ghandi, the motion judge distinguished it as follows:
The difference now between the [Ghandi] case and this case that the Court has rewritten the rules and you now have to show after ninety days exceptional circumstances, and the [c]ourt finds that there were also differing circumstances between [Ghandi] and this case in that plaintiff's [m]otion to restore the [c]omplaint made no legal or procedural arguments in favor of restoration, didn't give any explanation for the delay, that's in our within [sic] case.
. . . .
The rule has changed and so the standard now is exceptional circumstances. In [Ghandi] the defendant was served, but no [a]nswer had been filed. The defendant also didn't object to restoring the [c]omplaint. Here this defendant was not served until more than five years after the accident and the defendant objects. The defendant says that they're [sic] prejudice[d], and the case *1258 has been dismissed for more than two years.
The attorneys say that it was attorney neglect in the way that they handled their correspondence, however the [c]ourt finds that's not an exceptional circumstance. The Rule changed. The [c]ourt would assume for a reason. And so now counsel is required to comply with a higher standard.
The defendant asserts that they [sic] are prejudiced by the amount of time that has gone by, by peoples' memories, they may have lost witnesses, and an inability to give medical records that are more than five years old. And so for all of the above reasons, and the reasons that were previously placed on the record, the [c]ourt is denying the [m]otion for [r]econsideration.
This appeal followed.

II.
On appeal, both sides initially maintained that the standard of exceptional circumstances, rather than good cause, governed the outcome of plaintiffs' motion for reinstatement. At oral argument, we suggested that because this was a single defendant case, the parties and Law Division may have misread Rule 1:13-7(a). We invited the parties to brief the issue of the proper interpretation of the rule, which they did. Their letter briefs recognize the standard as good cause, not exceptional circumstances. Defendant, nevertheless, contends that even under this more indulgent threshold, plaintiffs have failed to demonstrate good cause to reinstate the complaint. We disagree.
Our review of an order denying reinstatement of a complaint dismissed for lack of prosecution proceeds under an abuse of discretion standard. See Weber v. Mayan Palace Hotel & Resorts, 397 N.J.Super. 257, 262, 936 A.2d 1031 (App. Div.2007); Ghandi, supra, 390 N.J.Super. at 196, 915 A.2d 39. We also superintend the Law Division's "interpretation of the law and the legal consequences that flow from undisputed facts" without giving any "special deference" to its legal conclusions. See Frumer v. National Home Insurance Company, 420 N.J.Super. 7, 13, 18 A.3d 225 (App.Div.2011) (citing Alfano v. BDO Seidman, LLP, 393 N.J.Super. 560, 573, 925 A.2d 22 (App.Div.2007)) (quoting Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378, 658 A.2d 1230 (1995)).
Rule 1:13-7(a) provides for reinstatement of a dismissed complaint:
After dismissal, reinstatement of an action against a single defendant may be permitted on submission of a consent order vacating the dismissal and allowing the dismissed defendant to file an answer, provided the proposed consent order is accompanied by the answer for filing, a case information statement, and the requisite fee. If the defendant has been properly served but declines to execute a consent order, plaintiff shall move on good cause shown for vacation of the dismissal. In multi-defendant actions in which at least one defendant has been properly served, the consent order shall be submitted within 60 days of the order of dismissal, and if not so submitted, a motion for reinstatement shall be required. The motion shall be granted on good cause shown if filed within 90 days of the order of dismissal, and thereafter shall be granted only on a showing of exceptional circumstances.
This rule was amended effective September 1, 2008. The pre-amendment rule provided that reinstatement "may be permitted only on motion for good cause shown." R. 1:13-7(a). The 2008 amendment provides separate standards for cases with a single defendant and cases with multiple *1259 defendants.[4] In single defendant cases, reinstatement is permitted upon a showing of good cause. R. 1:13-7(a). In multi-defendant cases, reinstatement within ninety days is permitted on a showing of good cause, but otherwise a party must demonstrate exceptional circumstances. Ibid.
This action involves only one defendant, accordingly plaintiffs must establish good cause for reinstatement of their complaint, which is the same standard we applied in Ghandi. There, we explained the concept of good cause:
Good cause is an amorphous term, that is, it is difficult of precise delineation. Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied. Rule 1:13-7(a) is an administrative rule designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion. Dismissals under the rule are without prejudice. Accordingly, the right to reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later.
[Id. at 196, 915 A.2d 39 (internal quotations and citations omitted).]
"[A]bsent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality." Id. at 197, 915 A.2d 39.
Starting with prejudice, we recognize that almost thirty-three months elapsed between the filing of the complaint and its service upon defendant. We also note that filing the complaint just before the two-year statute of limitations expired contributed to the lag in defendant first becoming aware of the suit nearly five years after the accident. Nevertheless, we do not find that defendant presented any evidence of prejudice.
In resisting plaintiffs' motions for reinstatement and reconsideration, defendant argued that he was prejudiced by the passage of time. However, other than generalities ("[m]emories of witnesses clearly have faded") or conjectures ("[i]t is hard to believe that a meaningful deposition of any of the plaintiffs is going to be obtainable"), defendant failed to demonstrate any prejudice whatsoever. On appeal, the most that defendant posits as prejudice are "[t]he potential unavailability of witnesses, the potential destruction or loss of evidence, lack of discovery from [p]laintiffs, [and] the lack of depositions and independent medical examinations." There is not a scintilla of evidence in the record to suggest *1260 that anything in this parade of horribles exists or is likely to come to pass, including the approach of the seven-year expiry of the maintenance of patient treatment records. See N.J.A.C. 13:35-6.5(b).
We are mindful that plaintiffs' excuses for not exercising personal oversight are meager and incomplete. For instance, not one of the individual plaintiffs has explained why inquiries were not made of the first attorney concerning the progress (or lack thereof) of the case. We are, nonetheless, most concerned with the lack of attention to the matter by the first attorney, whose neglect cannot be excused by the operational difficulties he encountered in his law practice that led to his unawareness of the court's Rule 1:13-7 notice. If that attorney were truly engaged and "work[ing] on the case" (as he claimed in his motion certification) he would have realized that service was deficient because his case file would have contained no proof of service and defendant had not responded in any way.
Nevertheless, in light of the good cause standard and lack of evidence of prejudice to defendant, we are constrained to balance the factors of Rule 1:13-7(a) in such a way as to comport with the indulgence mandated by Ghandi. Id. at 197, 915 A.2d 39. Consequently, because we view plaintiffs as essentially blameless, the courthouse doors should not be locked and sealed to prevent their claims from being resolved in the judicial forum.
In light of these circumstances, we find that the motion court misapplied both the law and its discretion in denying the motions to reinstate the complaint and for reconsideration. We reverse the orders of the Law Division, reinstate the complaint, and remand this matter for management and disposition of all issues.
Reversed and remanded for further proceedings. We do not retain jurisdiction.
NOTES
[1] Plaintiffs' original attorneys had offices in two locations.
[2] The Rule 1:13-7(a) notice indicated, "on February 27, 2008 (60 days from date of this notice), the court will dismiss the above party or parties for lack of prosecution without prejudice." Inexplicably, the parties to this appeal claim that the dismissal without prejudice actually occurred on March 1, 2008, which was a Saturday.
[3] In this regard, the motion judge stated:

[T]he motion then is governed by [Rule] 1:13-7, and says the motion to restore is granted on good cause. And theand the standard of good cause isis used if the motion is filed within 90 days of the order of dismissal. But thereafter [Rule] 1:13-7 requires that thethat the parties show exceptional circumstances to restorereinstate a complaintto restore a complaint.
[4] The Supreme Court Civil Practice Committee, in its 2008 Report (dated January 15, 2008), recommended the change. It noted:

Rule 1:13-7 now provides that a complaint dismissed against a defendant for lack of prosecution may be restored, without a formal motion, by consent order accompanied by the answer of the defendant, the case information statement and the requisite fee. A Committee member, currently an Assignment Judge and formerly chair of the Conference of Civil Presiding Judges, suggested that this provision be limited to consent orders for restoration filed within 60 days of the dismissal order. If the complaint is not restored within 60 days of the dismissal, however, any subsequent restoration would need to be effected by motion for good cause shown, if filed within 90 days of the dismissal, and for exceptional circumstances if filed thereafter. In discussing this proposal, the Committee determined that it should be applied only in multi-defendant cases and that the proposed amendments should incorporate standards similar to those set forth in R. 4:8-1 (Third Party Brought in by Defendant).
[Id. at 8-9, http://www.judiciary.state.nj.us/ reports2008/civil.pdf (last accessed on October 6, 2011).]