**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4682-17T4

MATTHEW SWAIN,

    Plaintiff-Appellant,

v.

HERMÈS OF PARIS and
LORENZO BAUTISTA,

    Defendants-Respondents.

_____

> Argued April 1, 2019 – Decided April 23, 2019
>
> Before Judges Messano, Fasciale and Rose.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4996-16.
>
> Christopher W. Hager argued the cause for appellant (Hager Law, LLC, attorneys; Christopher W. Hager, on the brief).
>
> Lawrence R. Sandak argued the cause for respondents (Proskauer Rose LLP, attorneys; Lawrence R. Sandak and Edna D. Guerrasio, on the brief).

PER CURIAM

In this employment dispute, Matthew Swain (plaintiff) appeals from a May 25, 2018[1] order denying his motion to reinstate his complaint against Hermès of Paris (HOP) and Lorenzo Bautista (Bautista) (collectively defendants). At defendants' request, a federal judge in New York compelled arbitration. Although plaintiff had appealed from the federal order compelling arbitration, he did not contest arbitrability, but rather, his sole argument on that appeal was that the federal court lacked subject matter jurisdiction to hear defendants' petition. The federal appeals court rejected plaintiff's jurisdiction contention and upheld the order compelling arbitration. Arbitration therefore is the appropriate forum for resolution of the parties' dispute, rather than the Law Division. We therefore affirm.

Plaintiff began his employment with HOP in July 2015, as the Managing Director of its boutique in the Mall at Short Hills. Bautista was an upper manager who also worked at the boutique. In October 2015, plaintiff submitted a complaint to HOP's human resources department alleging that Bautista made repeated slurs about plaintiff's sexual orientation. Shortly thereafter, HOP terminated plaintiff's employment, stating that he was "not the right fit."

---

[1] In plaintiff's Notice of Appeal and Case Information Statement, he states that he is appealing from a May 30, 2018 order. But the order under review is dated May 25, 2018.

A-4682-17T4

In July 2016, plaintiff filed a complaint against defendants alleging violation of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49.  HOP responded by stating that plaintiff was required to arbitrate his LAD claims under the Dispute Resolution Procedure (DRP) that he had signed.  The DRP provides for three successive steps to facilitate resolution of employment disputes.

Step 1. (Internal Channels)

Employees who have a complaint or concern should speak to their supervisor.  If they do not feel comfortable doing so, or the complaint or concern involves the supervisor, employees should contact the [Senior Vice President (SVP)] or Senior Director of HOP Human Resources.  Our hope is that most disputes can be resolved through these internal discussions.

Step 2. (External Mediation)

If a dispute is not resolved, either you or HOP will have the opportunity to discuss and hopefully amicably resolve the matter through mediation – a voluntary, confidential non-binding process.  Either you or HOP may invoke the mediation procedure by submitting a request to the SVP or Senior Director of Human Resources.  Mediation allows either you or HOP to seek to resolve the dispute through a facilitated conversation before an independent, experienced, neutral mediator whom you and HOP will jointly select from the American Arbitration Association (AAA), a well-respected provider of alternative dispute resolution service.  AAA mediation procedures will apply.  HOP will pay the costs and fees of the mediation and you

3

may, if you wish, be represented by an attorney in the mediation, but you will be responsible for your own attorneys' fees.

Step 3. (Final and Binding Arbitration)

If a dispute cannot be resolved through mediation, either you or HOP may initiate final and binding arbitration within six months after you or HOP become aware, or should have reasonably become aware, of the facts giving rise to the dispute, unless the dispute arises under a law that provides an alternate filing period, in which case such period shall apply.  Your request for arbitration should be sent to the SVP or Senior Director of Human Resources.

Arbitration offers a speedy, confidential and economical way for you and HOP to present the dispute to an independent, experienced, neutral arbitrator whom you and HOP will jointly select from the AAA arbitrator panel.  The arbitrator will decide the dispute and his or her decision will be binding on both you and HOP.  The arbitrator has the same power to award the remedies otherwise available in court.  HOP will pay the costs and fees associated with the arbitration, and you may, if you wish, be represented by an attorney in the arbitration, but you will be responsible for your attorneys' fees.

The dispute will be resolved by a single arbitrator, to be held in City, State and County of New York, unless you and the Company agree otherwise.  Applicable AAA Employment Arbitration Rules shall apply except as otherwise specified in this agreement.  In reaching his or her decision, the arbitrator shall apply the governing substantive law applicable to the parties' claims and defenses otherwise available in court and

A-4682-17T4

> enforce HOP policies and procedures, as applicable. . . .
>
> Any dispute submitted to arbitration must be submitted only on behalf of you individually or HOP, and neither you nor HOP shall have the right to obtain relief through a class or collective action, or join or consolidate your dispute with the claims of any other person. . . .
>
> [(Emphasis added).]

HOP's in-house counsel attempted mediation, but plaintiff maintained that the DRP did not apply to his LAD claims and served the complaint on HOP. HOP subsequently withdrew its mediation efforts, instead pursuing binding arbitration.

HOP then filed a petition in the Southern District of New York to compel arbitration of plaintiff's LAD claims pursuant to the Federal Arbitration Act (FAA), 9 U.S.C.A. §§ 1 to 16. To have diversity jurisdiction, Bautista, who is also a New Jersey resident, was not a part of HOP's petition. A federal judge in New York compelled arbitration, and determined that she could not enjoin plaintiff's New Jersey Law Division action against HOP and Bautista.

Plaintiff challenged the order compelling arbitration by appealing to the United States Court of Appeals for the Second Circuit. At the same time, HOP and Bautista filed a motion in the Law Division seeking to dismiss plaintiff's

LAD case against defendants with prejudice since the federal judge had compelled arbitration in New York. In opposition to defendants' motion to dismiss the Law Division action, plaintiff essentially conceded the importance of an adverse ruling in the pending Second Circuit appeal. The motion judge then dismissed plaintiff's complaint "without prejudice pending the outcome of the matter . . . presently on appeal . . . ."

The Second Circuit affirmed the New York order compelling arbitration. In its opinion, the Second Circuit acknowledged that plaintiff "did not contest the arbitrability of his dispute." Instead, we emphasize that his sole basis for appealing the New York order was that the federal court lacked subject matter jurisdiction. The Second Circuit rejected plaintiff's argument, and upheld the New York judgment compelling arbitration.

Plaintiff then filed a motion under Rule 4:42-2 in the Law Division to reinstate his New Jersey LAD complaint. A different judge (the judge) heard oral argument and denied plaintiff's motion to reinstate the complaint against defendants. We are reviewing that order.

On appeal, plaintiff challenges the enforceability of the DRP, even though he did not do that in New York. He contends that the DRP is ambiguous because it does not state which party has the obligation to initiate voluntary arbitration.

And plaintiff argues that HOP breached the DRP by itself failing to initiate arbitration and failing to pay the arbitration fees. Plaintiff claims that under Roach v. BM Motoring, LLC, 228 N.J. 163 (2017) – a New Jersey Supreme Court opinion that was decided between the filing of plaintiff's initial complaint and his March 2018 motion to reinstate his complaint – the DRP is invalid. Plaintiff urges us to reinstate the complaint against defendants.

We review an order granting or denying a motion for reinstatement under an abuse of discretion standard. Baskett v. Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011). As to the interpretation of the DRP, we exercise de novo review. Morgan v. Sanford Brown Inst., 225 N.J. 289, 302-03 (2016). Whether a contractual arbitration clause is enforceable is a legal issue; thus, we afford no special deference to the judge's determination of that issue. Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013).

Importantly, we apply these standards fully understanding that the federal judge in New York compelled plaintiff to arbitrate his claims against HOP, and that the Second Circuit affirmed that ruling. Essentially, plaintiff collaterally attacks the New York order compelling the arbitration by challenging the enforceability of the DRP in the aftermath of the Second Circuit ruling. Plaintiff does so by raising new contentions that he did not make in opposition to

7

defendants' efforts to compel arbitration. Under the unique circumstances of this case, the judge did not abuse his discretion by refusing to reinstate the complaint against defendants.

I.

There is no basis to conclude that the DRP was ambiguous. And there is no evidence that HOP breached its terms. Plaintiff's reliance on Roach – to invalidate the DRP – is misplaced.

In Roach, which is factually distinguishable, the parties had signed a Dispute Resolution Agreement (DRA) prior to the plaintiffs filing arbitration demands against the defendants. 228 N.J. at 166-67. The AAA dismissed the arbitration proceedings because the defendants breached the DRA. Id. at 167. The plaintiffs then filed a lawsuit against the defendants, who moved to dismiss the complaint in favor of arbitration. Ibid. Our Supreme Court held that the "defendants' failure to advance arbitration fees was a material breach of [the DRA]," barring defendants from arbitration. Ibid.

Generally, if there is a breach of a material term, then the non-breaching party is relieved of any obligations. Id. at 174. A breach is material if it "goes to the essence of the contract." Ibid. The Court adopted the "flexible criteria" set forth in the Restatement (Second) of Contracts:

(a) <u>the extent to which the injured party will be deprived of the benefit which he reasonably expected</u>;

(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; [and]

(e) <u>the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing</u>.

[<u>Id.</u> at 174-75 (alteration in original) (emphasis added) (quoting <u>Restatement (Second) of Contracts</u>: Circumstances Significant in Determining Whether a Failure Is Material § 241 (Am. Law Inst. 1981)).]

Here, the judge concluded that there was no evidence that plaintiff had initiated arbitration and then HOP failed to cooperate. On the issue of arbitration fees, the judge stated that, "the DRP required [HOP] to 'pay' – not advance – the fees and costs of an arbitration. As no arbitration is yet in progress, there were and are no fees and costs to pay." He further explained that, "[t]he record reflects that [HOP] was willing to proceed with the mediation step and there is no basis in this record . . . that it would not have satisfied its obligation to bear

9

the costs of either that phase or an arbitration if and when it were asked to do so." The judge therefore did not reach the question of materiality because there was no breach whatsoever.

Alternatively, plaintiff argues that if there was no breach, then the DRP is still unenforceable because it is ambiguous. Plaintiff contends that the DRP is ambiguous because it does not state which party is obligated to initiate arbitration proceedings. The judge stated that, "the DRP clearly permitted [HOP] to initiate the arbitration if it wished to do so to protect its right to an arbitral forum, [but] the agreement simply does not require [HOP] to take that action at peril of losing that right." (Emphasis added). Plaintiff claims that the judge erroneously "confused" the terms "request" and "initiate" when he stated that,

> the plain letter of the DRP required [plaintiff], not [HOP], to initiate the arbitration if he wanted an adjudication of his claims. Under the procedural mechanism set up in the agreement, [plaintiff] was required to do so by sending a notice to [HOP]'s SVP or Senior Director of Human Resources. It was and is only upon receipt of such notice from [plaintiff] that [HOP] was required to act to notify AAA of the need for its services.

Here, the DRP states that, "[i]f a dispute cannot be resolved through mediation, either you or HOP may initiate final and binding arbitration within six months

after you or HOP become aware, or should have reasonably become aware of the facts giving rise to the dispute . . . ." (Emphasis added). Furthermore, the New York judge compelled arbitration, regardless of who could have initiated the proceedings. Under the facts of this case, the question of which party was arguably obligated to initiate the arbitration is a red herring because the federal court compelled it.

II.

For the first time, plaintiff claims that HOP unconscionably violated the LAD's public policy. In Rodriguez v. Raymours Furniture Co., 225 N.J. 343, 346 (2016), the Court dealt with whether the LAD – which was established to fulfill a public-interest purpose – could be contravened by private agreement. Here, plaintiff claims that the contract is one of adhesion. Plaintiff never raised these arguments in the federal court proceedings although he could have.

The judge did not reach this argument here, and instead correctly stated that plaintiff "could and should have raised any such arguments in the District Court and on appeal" and concluded that plaintiff was "foreclosed from doing so here and now." The New York judge stated that the DRP "contains [plaintiff]'s signature below a line that states, in bold, that his 'signature means that you have read this agreement, understand it and are voluntarily entering into

11

it.'" She also stated that plaintiff's "argument that he needs discovery to ascertain the validity of his own consent is ludicrous, since the information he needs is entirely within his own control." "[W]hether started in state or federal courts, the determination of a case in one system should conclude the matter." Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 409 (1991).

## III.

Plaintiff opposed HOP's motion to dismiss the Law Division action by arguing, in part, that the DRP was void as a matter of public policy as it did not permit plaintiff to be awarded attorney's fees.

> In any action or proceeding brought under [the LAD], the prevailing party may be awarded a reasonable attorney's fee as part of the cost, provided however, that no attorney's fee shall be awarded to the respondent unless there is a determination that the complainant brought the charge in bad faith.
>
> [N.J.S.A. 10:5-27.1.]

If plaintiff prevails in arbitration against defendants, he is entitled to reasonable attorney's fees because such fees would be a statutory remedy.

## IV.

Finally, plaintiff seeks to reinstate his complaint under Rule 4:42-2, which states that absent a court order to enter final judgment,

any order or form of decision which adjudicates fewer than all the claims as to all the parties shall not terminate the action as to any of the claims, and it shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice.

"[T]he trial [judge] has the inherent power to be exercised in [his or her] sound discretion, to review, revise, reconsider and modify [his or her] interlocutory orders at any time prior to the entry of final judgment." Lombardi v. Masso, 207 N.J. 517, 534 (2011). Given the Second Circuit's affirmance of the New York order compelling arbitration against HOP, we see no abuse of discretion by denying plaintiff's motion to reinstate his complaint against defendants.

We therefore order the parties to arbitrate plaintiff's claims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4682-17T4