**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2928-18T2

WILLIAM MUNLEY and
AMY MUNLEY,

      Plaintiffs-Appellants,

v.

BRIAN OPATOSKY and
DEANNE OPATOSKY,

      Defendants-Respondents,

and

HOME STAT
INSPECTIONS, INC.,
and GENE REAGAN,

      Defendants.

_____

      Argued telephonically February 27, 2020 –
      Decided March 23, 2020

      Before Judges Alvarez and DeAlmeida.

      On appeal from the Superior Court of New Jersey, Law
      Division, Monmouth County, Docket No. L-3146-13.

Stuart P. Schlem argued the cause for appellants.

Keith J. Murphy argued the cause for respondents (Gordon & Rees Scully Mansukhani, LLP, attorneys; Keith J. Murphy, of counsel and on the brief).

PER CURIAM

Plaintiffs William Munley and Amy Munley appeal the February 8, 2019 Law Division order denying their motion to reinstate their complaint against defendants Brian Opatosky and Deanne Opatosky. We affirm.

On August 12, 2013, the Munleys filed their complaint against defendants Brian Opatosky, Deanne Opatosky, Home Stat Inspections, Inc., and Gene Reagan; the Opatoskys' answer is dated August 30, 2013.[1] The dispute centered on the Munleys' discovery, some months after closing, of alleged latent defects in the home the Opatoskys sold them. The remaining defendants had conducted a home inspection and prepared a home inspection report on the property.

On November 13, 2013, the trial court dismissed the counts applicable to the home inspection defendants so the matter could proceed to arbitration. The court clerk mistakenly dismissed the entire complaint as to all defendants, including the Opatoskys.

---

[1] Contrary to Rule 2:6-1(b), the filing date was not stamped on the answer.

A-2928-18T2

By letter dated February 19, 2014, Munleys' counsel forwarded to Opatoskys' counsel interrogatories and a notice to produce. Munleys' counsel certified in support of the motion to reinstate the complaint that he and Opatoskys' prior attorney agreed that the Munleys would not pursue the matter against the Opatoskys pending resolution of the claim against the home inspection defendants. No writing memorializing the conversation was produced. Because of the Munleys' inability to secure a satisfactory expert, the arbitration never occurred.

On July 23, 2017, more than three years later, Munleys' counsel wrote to the Opatoskys' counsel, informing him that the claim against the home inspection defendants had been abandoned, and that as a result they would be pursuing their cause of action against the Opatoskys. Munleys' counsel further certified he thereafter contacted the law firm representing the Opatoskys, only to learn the attorney assigned to the matter with whom he had discussed the case, had left the firm and moved out of state. Munleys' counsel then asked someone to call the former attorney "to confirm our agreement." Receiving no reply from the law firm, which later reformulated into two separate offices, on November 28, 2017, plaintiffs' counsel wrote again to Opatoskys' attorneys, this time regarding outstanding discovery.

A-2928-18T2

On July 31, 2018, the Munleys filed a motion to compel discovery. On August 20, 2018, having for the first time been informed of the dismissal of the complaint, counsel withdrew the motion. Munleys' counsel sent two emails to Opatoskys' counsel asking if they would consent to the reinstatement of the complaint. Those emails were dated August 20, 2018 and October 8, 2018. The Opatoskys refused. On November 8, 2018, one month later, the Munleys filed the motion to vacate the dismissal that resulted in the order now on appeal.

The judge denied the motion because of the lengthy unexplained delay between the filing of the complaint and the filing of the motion to reinstate. Acknowledging the dismissal was a court-generated error, she considered the Munleys' slow pursuit of the matter controlling. For example, the purported agreement between counsel, to shelve the matter pending resolution of the home inspection arbitration, could not have been intended to be "open ended." Munleys' counsel waited three years after the conversation to notify his adversary that the arbitration efforts had ended.

Even after July 2017 when the Munleys were informed about the problems with the missing attorney and the court's mistaken dismissal, no motion was filed to reinstate until November 2018. The judge found the delay to be inexcusable and unexplained. The judge relied on the doctrine of laches, and

4

the question of whether plaintiffs had met the standard of "whether [delay was] inexcusable and unexplained" in the enforcement of a known right. She cited to In re Kietur, 332 N.J. Super. 18, 28 (App. Div. 2000), in support of this proposition.

We review an order denying reinstatement of a complaint for abuse of discretion. Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011). We review the facts deferentially but "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

Presumably, although not expressly identified, the Munleys made the motion in reliance on Rule 1:13-7(a), which provides that a motion to reinstate "shall be granted only on a showing of exceptional circumstances." Those circumstances do not exist here.

The complaint was filed August 12, 2013, nearly seven years ago. The Munleys need not have halted action against the Opatoskys to await the outcome of arbitration against the home inspection defendants. That was a strategic choice that resulted in an inordinate delay.

Over the course of the three years the Munleys waited, they obviously received no notices from the court. The failure to receive notices because of the erroneous dismissal should have been a warning that something was amiss.

The discovery demands were served February 19, 2014. The Opatoskys were not unreasonable in failing to respond to discovery having been assured the Munleys were looking to be made whole by others. To have done so would have saddled the Opatoskys with potentially unnecessary litigation expense and inconvenience.

But after the initial unexplained delay, four years during which the Munleys did nothing to press their cause of action against the Opatoskys, a second puzzling delay occurred. Munleys' counsel wrote regarding discovery in July 2017. It was not until July 2018, a year later, however, that the Munleys filed the withdrawn motion to compel discovery. Even after that, counsel did not file the motion to reinstate until November 2018.

Although motions for reinstatement are generally granted with great liberality, the judge could not do so here where the delays were not attributable to exceptional circumstances. See Ghandi v. Cespedes, 390 N.J. Super. 193, 195-98 (App. Div. 2007). The judge did not abuse her discretion in denying the motion. We reach that conclusion employing a different analysis that supports

A-2928-18T2

the outcome. <u>State v. Heisler</u>, 422 N.J. Super. 399, 416 (App. Div. 2011) ("We are free to affirm the trial court's decision on grounds different than those relied upon by the trial court").

As we recently reiterated, "[t]he <u>Rules</u> are to be construed so as to do justice, and ordinarily an innocent plaintiff should not be penalized for his attorney's mistakes." <u>Giannakopoulos v. Mid State Mall</u>, 438 N.J. Super. 595, 608 (App. Div. 2014) (citing <u>Baskett</u>, 422 N.J. Super. at 385).

In this case, however, the Opatoskys were prejudiced by the delay. After seven years, the defects in the house have no doubt been corrected, and there is no possibility they might obtain any type of expert assessment regarding the alleged defects. After seven years, reinstatement of the complaint would not do them justice. Furthermore, there was clearly inattention to the matter on the Munleys' behalf. This is true regardless of the court clerk's mistaken dismissal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2928-18T2