**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4143-19

MARIA SANTIAGO,

     Plaintiff-Appellant,

v.

JUAN CASTILLO-ALMONTE
and YAHELY CEPEDA,

     Defendants-Respondents.

_____

Submitted April 28, 2021 – Decided May 20, 2021

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2259-15.

Goldstein & Handwerker, LLP, attorneys for appellant (Steven Goldstein, on the brief).

Norton, Murphy, Sheehy & Corrubia, P.C., attorneys for respondents (Harry D. Norton, Jr., of counsel; Jessica J. Centauro-Petrassi, on the brief).

PER CURIAM

Plaintiff Maria Santiago appeals from a June 3, 2020 order denying her request to reinstate her personal injury complaint against defendants Juan Castillo-Almonte and Yahely Cepeda dismissed more than four years earlier for lack of prosecution under Rule 1:13-7(a). Because plaintiff failed to offer any explanation for her long delay in reinstating the action, we affirm.

Plaintiff alleges she was involved in a car crash in Paterson on June 27, 2013, with a car driven by Castillo-Almonte and owned by Cepeda. Days before the running of the two-year statute of limitations, plaintiff filed a personal injury action against both defendants. Two months later, plaintiff successfully served Castillo-Almonte with the summons and complaint. Despite several attempts by a process server, however, she was unable to serve Cepeda. Castillo-Almonte never answered.

Plaintiff's counsel failed to request entry of default against Castillo-Almonte, and in November, the court sent him a sixty-day notice pursuant to Rule 1:13-7(a) that the action would be dismissed without prejudice as to both defendants on January 5, 2016, unless plaintiff took action. Counsel apparently took no action, and the case was dismissed without prejudice on January 8, 2016.

Plaintiff's counsel made a motion in March 2019 to reinstate the matter, but withdrew it for reasons unknown. He filed a second motion in early May

A-4143-19

2020 seeking reinstatement and entry of an order permitting substituted service on Cepeda's insurance carrier, New Jersey Manufacturers, pursuant to Rule 4:4-4(b)(3). See Feuchtbaum v. Constantini, 59 N.J. 167, 178-79 (1971) (authorizing substituted service in auto negligence cases on a defendant's liability insurance carrier when the defendant cannot be located for service). Counsel filed a certification discussing the "good cause" standard for reinstatement under Rule 1:13-7, but did not mention the "exceptional circumstances" standard the rule imposes in multi-defendant cases when the motion for reinstatement is made after ninety days. See R. 1:13-7(a). More important, counsel nowhere explained the reason for the four-year delay in seeking reinstatement of the complaint.

Judge Thomas F. Brogan denied the motion to reinstate, noting on the order the failure to address either the good cause or exceptional circumstances that could have "allowed [the case] to remain dismissed [for] well over four years." Plaintiff appeals, contending the court erred in denying her motion to reinstate her complaint in order to serve Cepeda's liability insurance carrier. We disagree.

We review an order denying reinstatement only for abuse of discretion, Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257, 262 (App. Div.

2007), mindful that Rule 1:13-7(a) is a "docket-clearing rule . . . designed to balance the institutional needs of the judiciary against the principle that a just result should not be forfeited at the hands of an attorney's lack of diligence." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 379 (App. Div. 2011).

Although counsel for New Jersey Manufacturers, appearing for both defendants on appeal, argues the court correctly determined plaintiff failed to establish exceptional circumstances warranting reinstatement, we are not convinced exceptional circumstances is the correct standard or the one Judge Brogan applied. As we explained in Baskett, the 2008 amendments to Rule 1:13-7 created "separate standards for cases with a single defendant and cases with multiple defendants." 422 N.J. Super. at 383. The more demanding exceptional circumstances standard is required after ninety days in multi-defendant cases because when "there has been a dismissal with respect to fewer than all defendants, . . . the case likely will have proceeded and discovery undertaken at least with respect to the action(s) against the remaining defendant or defendants," resulting in vacation of the dismissal having "the capacity of substantially delaying all further proceedings." Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 1:13-7 (2021).

Here, where the case has not proceeded at all and defendants are represented by the same lawyer, the exceptional circumstances standard may not be appropriate. We surmise Judge Brogan thought the same, given his reference to both standards. As the judge noted, however, plaintiff's counsel's failure to provide any reasons explaining the four-year delay in moving to reinstate the complaint precluded even a good cause finding, much less that there were exceptional circumstances to excuse the delay.

Plaintiff's counsel has not corrected the omission on appeal. While counsel again explains his inability to serve Cepeda despite multiple attempts, he does not address the reasons for the delay in seeking reinstatement. Acknowledging that counsel "took over four years to vacate the dismissal" of plaintiff's case, he argues only that "case law suggests that dismissals are routinely vacated in favor of a blameless plaintiff who has not had an opportunity to litigate her case."

Counsel is correct that our courts look indulgently on the many reasons that can cause a plaintiff's counsel to fail to timely move to reinstate an action dismissed under Rule 1:13-7(a), excusing even reasons that "are meager and incomplete," so long as a defendant has not come forward with evidence of prejudice. Baskett, 422 N.J. Super. at 385 (finding three-year delay, based on

5

counsel's "operational difficulties," in acting to reinstate a complaint filed on the eve of the statute of limitations did not defeat "good cause" showing in the absence of prejudice to the defendant). The problem here is not that counsel's reasons for the delay are "meager and incomplete," it is that they are wholly absent. Given counsel's failure to provide any explanation at all for the inordinately long delay in moving to reinstate this complaint, we cannot find the trial judge abused his discretion in denying the motion, even under the more indulgent good cause standard that might arguably apply in this instance.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4143-19