**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2361-23

TD BANK, N.A.,

     Plaintiff- Respondent,

v.

BURRIS ENTERPRISES, LLC,
JOSEPH STEPHEN BELITRAND,
and CHRISTOPHER J. BURRIS,

     Defendants-Appellants.

_____

Submitted March 24, 2025 – Decided April 10, 2025

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0433-21.

Wade Clark Mulcahy, LLP, attorneys for appellants (Vito A. Pinto, and Gary N. Smith, on the briefs).

Saldutti Law Group, attorneys for respondent (Andrew P. Chigounis, on the briefs).

PER CURIAM

In this commercial loan foreclosure case, defendants appeal the trial court's successive orders that (1) granted plaintiff reinstatement of its previously dismissed complaint; (2) denied defendants' motion for reconsideration of that ruling; and (3) granted summary judgment in favor of plaintiff. Applying pertinent legal principles to the record and the issues, we affirm.

I.

We presume the parties' familiarity with the factual and procedural background of this case and need not detail it here. The following brief summary will suffice for our purposes.

In 2001, Burris Enterprises, LLC, Joseph Stephen Belitrand, and Christopher J. Burris (collectively, "defendants") borrowed $80,000 from plaintiff TD Bank's predecessor to partly finance the purchase of commercial property in Berkeley Township. The commercial loan was secured by a mortgage.

Eventually defendants defaulted on payments. The lender's assignee TD Bank brought suit in the Law Division to collect on the unpaid principal balance of approximately $22,000.

Plaintiff's original attorney failed to prosecute two earlier civil actions. In the second action, the attorney evidently had difficulty effecting service upon

2

two of the three defendants. The trial court accordingly issued a series of orders on November 15, 2019, September 3, 2021, and October 15, 2021, dismissing the complaint without prejudice for lack of prosecution.

More than ninety days after the last dismissal order, plaintiff, having successfully served all defendants by that point, moved on May 17, 2023 to reinstate the complaint, an application which defendants opposed. The trial court granted the reinstatement on June 23, 2023. Shortly thereafter on July 19, 2023, defendants—for the first time—filed an answer.

After several successive motions and cross-motions for summary judgment, the trial court ultimately granted plaintiff summary judgment on March 28, 2024. The court awarded plaintiff $26,662.62 in the unpaid sums due on the loan, plus $12,532 in contractual attorneys' fees, and various costs and allowances, for a grand total of $40,160.62.

II.

This appeal by defendants ensued. We address their three principal arguments in succession.

A.

We first examine defendants' claim that the trial court erred in reinstating plaintiff's complaint over their opposition. As a predicate to that discussion, we

consider the threshold question of what standard under Rule 1:13-7 applies to plaintiff's motion. The parties disagree about whether the proper standard was "good cause" or the more stringent standard of "exceptional circumstances."

We conclude the appropriate standard for restoration in this case's procedural context was "good cause." We reach that conclusion in light of this court's guidance in Estate of Semprevivo v. Lahham, 468 N.J. Super. 1, 11-14 (App. Div. 2021).[1] Construing Rule 1:13-7, we held in Semprevivo that where a complaint in a multi-defendant case has been dismissed for lack of prosecution, more than ninety days have elapsed, but no defendants have appeared in the case and participated in discovery, the court may restore the complaint upon a showing of good cause. Id. at 14. In such a context, "the heightened exceptional circumstances standard . . . is not supported by the plain language of Rule 1:13-7(a), and is inconsistent with that standard's purpose." Ibid.

Here, when plaintiff—represented by new counsel—moved on May 17, 2023 to reinstate the complaint, none to the defendants had yet appeared in the

_____

[1] The parties' briefs did not discuss or cite Semprevivo, an opinion that predated the trial court's decision and which has been a controlling precedent since its issuance in 2021. Upon discovering that oversight, we invited counsel to provide supplemental briefs to address the case, and we appreciate their submissions.

case or participated in any discovery. As the trial court recognized, until the motion for reinstatement was filed the case was essentially dormant, and none of the defendants had chosen to file an answer in either previous action.

Plaintiff explained at oral argument that "the original firm failed to pursue the matter after failing to frankly obtain service on the two defendants" in the second action. Defendants argued that plaintiff's original counsel had been inattentive to the matter and, for example, should have moved for an order of substituted service when problems with service arose. The court acknowledged that inattentiveness by counsel, but it also recognized that "defendants knew that the bank was chasing them for money."

As we noted in Semprevivo, 468 N.J. Super. at 15, and had previously noted in Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 384-85 (App. Div. 2011), the good-cause standard should be applied indulgently in the interests of justice. In situations in which the plaintiffs-clients are "essentially blameless, the courthouse doors should not be locked and sealed to prevent their claims from being resolved in the judicial forum." Semprevivo, 468 N.J. Super. at 15 (citing Baskett, 422 N.J. Super. at 385).[2]

---

[2] We did not state in Semprevivo that it is vital that a movant for reinstatement supply an affidavit from a witness in support of the motion. Such an affidavit

Defendants contend they lost certain records concerning the mortgage loan during the pendency of plaintiff's multiple efforts to pursue the litigation, and that they have been thereby prejudiced. The trial court was made aware of that contention of possible prejudice and, nonetheless, in assessing the competing interests involved, determined it was most appropriate to allow the lawsuit to proceed on its merits. We are loathe to second-guess the trial court's assessment.

We are unpersuaded the court abused its discretion in granting reinstatement of the complaint. See Baskett, 422 N.J. Super. at 382 (reiterating the well-established principle that appellate review of trial court rulings on reinstatement motions is guided by an abuse of discretion standard); see also Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257, 262 (App. Div. 2007) (same).[3] We thus affirm the June 23, 2023 order of reinstatement.

---

may often be helpful to the court, but here the chronology of pleadings and pertinent litigation events is sufficiently apparent.

[3] We are mindful the trial court did not explicitly state in its reinstatement ruling whether it was applying a good-cause or exceptional-circumstances standard. Appellate review, however, is taken from orders, not reasons. See El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 169 (App. Div. 2005). There are ample grounds here to support good cause for reinstatement, and we discern no practical need to remand this matter to have the trial court clarify its ruling that it made almost two years ago. In addition, even if the court had intended to apply the more stringent exceptional-circumstances standard, such a

B.

Next, we consider defendants' related argument that the court erred in denying their motion for reconsideration of the complaint's reinstatement. That argument is easily dispensed with. Rule 4:49-2 and associated case law instruct that reconsideration should only be granted where it is demonstrated that the court's decision was "palpably incorrect" or "overlooked" controlling law or evidence. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996); see also Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). Defendants made no such demonstration, either in the trial court or on this appeal. To the contrary, they have invoked the incorrect legal standard of exceptional circumstances that our precedential opinion in Semprevivo repudiated in this kind of setting, and they have relied substantially on unpublished opinions that the trial court was prohibited by Rule 1:36-3 from citing.

We accordingly affirm the court's December 15, 2023 order denying reconsideration.

---

finding would exceed the level of justification necessary to meet the good-cause test prescribed by Semprevivo.

A-2361-23

## C.

Third, defendants contest the trial court's entry of summary judgment in plaintiff's favor, declaring them liable for the unpaid principal on the mortgage loan, plus contractual attorney's fees, costs, and allowances. We review the summary judgment ruling de novo, applying the familiar standards of Rule 4:46 and Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). Globe Motor Co. v. Igdalev, 225 N.J. 469, 479-80 (2016).

Having examined the record in a light most favorable to defendants, we sustain the trial court's conclusion that plaintiff was entitled to final judgment on the unpaid loan as a matter of law. Although defendants claimed that plaintiff did not sufficiently credit them for installment payments, the court discerned from the limited proofs that defendants tendered no genuine issues of material fact. Plaintiff presented the court with business records of documentation of the loan transaction history, whereas defendants relied solely on their own witnesses' deposition testimony in which they asserted in conclusory and unsubstantiated fashion, that the loan was fully paid. And, although plaintiff discharged the mortgage, the borrowers were not supplied with a "paid-in-full" communication.

On the whole, the trial court did not err in entering a final disposition on the merits, given the record that was developed. We thus affirm the court's March 24, 2024 order granting plaintiff's motion for summary judgment and denying defendant's cross-motion for summary judgment.

D.

To the extent we have not discussed them above, we have considered defendants' remaining points and sub-points and have determined they lack sufficient merit to be discussed in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2361-23