**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3605-24

WALTHER RODRIGUEZ,

     Plaintiff-Appellant,

v.

BRAIHAN J. COLLADO-
COLLADO, and UNIVERSAL
GLOBAL, INC.,

     Defendants-Respondents.

_____

Submitted May 21, 2026 – Decided June 17, 2026

Before Judges Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4402-21.

Bagolie Friedman LLC, and Blanco Law Firm LLC, attorneys for appellant (Pablo N. Blanco, of counsel and on the brief; Ricky E. Bagolie, on the brief).

Hendrzak & Lloyd, attorneys for respondent Braihan J. Collado-Collado (Nghia Nguyen, on the brief).

Piro Zinna Cifelli Paris & Genitempo, LLC, attorneys
for respondent Universal Global, Inc. (Todd M. Galante
and Alan Genitempo, on the brief).

PER CURIAM

Plaintiff Walther Rodriguez appeals from the trial court's June 6, 2025 order denying his motion to reinstate his complaint under Rule 1:13-7. We vacate and remand for further proceedings for the reasons set forth in this opinion.

I.

In January 2020, plaintiff was injured in a motor vehicle accident allegedly caused by defendant Braihan J. Collado-Collado (Collado). The vehicle Collado operated was owned by defendant Universal Global, Inc. (Universal Global), where Collado was employed at the time.

On November 12, 2021, plaintiff filed a complaint against defendants. Plaintiff served Collado with the complaint on November 16. The proof of service for Collado was filed with the court on November 22. On January 24, 2022, default was entered against Collado.

On May 27, 2022, the court issued a lack of prosecution dismissal notice pursuant to Rule 1:13-7, stating the case against Collado would be dismissed on July 26 if plaintiff took no further action. On June 3, the court sent the same

notice to plaintiff, except it moved the dismissal date to August 2.[1]  Also on June 3, plaintiff refiled the affidavit of service for Collado.  On June 10, plaintiff's counsel sent a letter to the court advising the matter should not be dismissed because Collado was properly served and the court had entered default against him in January.  On August 5, 2022, the court dismissed plaintiff's complaint against Collado without prejudice for lack of prosecution pursuant to Rule 1:13-7(a).  The court notice stated, "[a] formal notice of motion is now required to restore this party to active trial status."

A similar course of events transpired regarding Universal Global. Plaintiff served Universal Global with the complaint on January 24, 2022.  The proof of service for Universal Global was filed with the court on February 15. On July 1, the court sent plaintiff a Rule 1:13-7 dismissal notice with respect to Universal Global, stating the action against Universal Global would be dismissed on August 30 if plaintiff took no further action.  On July 19, plaintiff sent a letter to the court, noting Universal Global was served in January and plaintiff intended to request an entry of default, and, therefore, Universal Global

_____

[1]  It is unclear why plaintiff received two notices regarding his case against Collado only a few days apart.

A-3605-24

should not be dismissed.  Later that day, plaintiff requested entry of default against Universal Global, which the court granted on July 21, 2022.

However, plaintiff took no further action against Universal Global, and the court sent another Rule 1:13-7 dismissal notice on November 18, 2022, stating the action against Universal Global would be dismissed on January 17, 2023, if plaintiff took no further action.  On January 20, 2023, the court administratively dismissed the matter against Universal Global without prejudice.  The court noted a formal motion to reinstate the claim against Universal Global was required to restore the case to active status.

On April 30, 2025, plaintiff moved to reinstate the complaint.  In his supporting certification, plaintiff's counsel asserted the following:  "This matter was dismissed . . . for lack of prosecution due to [an] internal law firm transition[,] as the attorney handling the file left the firm[,] and the assistant handling the file contracted cancer and left the firm, [which is] not the fault of . . . [p]laintiff[,] who is blameless."  Counsel also stated plaintiff was prepared to prosecute the case and requested the court reinstate the complaint and allow the matter to be adjudicated on the merits.  Plaintiff's counsel noted, "[p]laintiff [was] barred from filing a new complaint because the two-year statute of limitations . . . ha[d] now run," and "[d]efendants have suffered no prejudice."

4

Also, counsel certified in December 2022 his firm suffered a "[r]ansom[]ware attack that impacted [its] computer system and email exchange[,] which was down for several months following the attack. This caused a problem with [the] electronic records and played a role in the dismissal being entered."

Universal Global opposed plaintiff's motion to reinstate the complaint. On June 6, 2025, the court issued an order denying plaintiff's motion to reinstate. In its statement of reasons, the court explained the motion was denied pursuant to Rule 1:13-7, because plaintiff "fail[ed] to demonstrate exceptional circumstances." It also stated, "[a]ny issues that may have impacted . . . [plaintiff's counsel] should not have resulted in a two[-]year delay in seeking to reinstate the matter."

II.

Plaintiff contends Rule 1:13-7 establishes different standards for the reinstatement of a complaint depending on whether the case involves a single defendant or multiple defendants. He asserts cases involving a single defendant are evaluated under the "good cause" standard, whereas cases involving multiple defendants, where more than ninety days have passed between the dismissal and the motion to reinstate, are ordinarily evaluated under the "exceptional circumstances" standard.

5

However, plaintiff argues, "because both defendants ha[ve] been dismissed and . . . no discovery ha[s] taken place[,] . . . the policy principles warranting an exceptional circumstances standard do not apply." Rather, "the good cause standard . . . applies since the case did not proceed against either defendant." Moreover, because Collado was an employee of Universal Global at the time of the accident, "there [was] a unity of interests between the two defendants," essentially meaning "the case involves a single defendant." Plaintiff relies on Estate of Semprevivo v. Lahham, 468 N.J. Super. 1 (App. Div. 2021), for the proposition the good cause standard should apply, even though there were two defendants involved and the motion for reinstatement was made more than ninety days after the dismissal, because the case had not proceeded against either defendant when the court administratively dismissed the case against both defendants.

Plaintiff reiterates the arguments he made to the trial court that the good cause standard typically involves the absence of fault by a plaintiff and the absence of prejudice to a defendant. In applying that standard here, he contends his counsel demonstrated good cause for reinstatement of the complaint, as plaintiff himself bears no fault, and his attorney's actions "amount[ed] to excusable neglect." Furthermore, he insists defendants have not shown they

A-3605-24

suffered any prejudice "beyond [the] mere passage of time." Accordingly, plaintiff concludes the trial court erred in applying the exceptional circumstances standard and the complaint should be reinstated.

We review the denial of a motion to reinstate a complaint dismissed for lack of prosecution for an abuse of discretion. Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Rule 1:13-7(a), in pertinent part, provides:

> [W]henever an action has been pending for four months . . . without a required proceeding having been taken therein as hereafter defined in subsection (b),[2] the court shall issue written notice to the plaintiff advising that the action as to any or all defendants will be

---

[2] Subsection (b) states several events, including the entry of default or the entry of a default judgment, "constitute required proceedings that must be timely taken to avoid the issuance by the court of a written notice of dismissal as set forth in subsection (a)."

dismissed without prejudice [sixty] days following the date of the notice . . . unless, within said period, action specified in subsection (c) is taken. If no such action is taken, the court shall enter an order of dismissal without prejudice as to any named defendant and shall furnish the plaintiff with a copy thereof. After dismissal, . . . [i]n multi-defendant actions in which at least one defendant has been properly served, [a] consent order shall be submitted within [sixty] days of the order of dismissal, and if not so submitted, a motion for reinstatement shall be required. The motion shall be granted on good cause shown if filed within [ninety] days of the order of dismissal, and thereafter shall be granted only on a showing of exceptional circumstances.

Rule 1:13-7 is a "docket-clearing rule that is designed to balance the institutional needs of the judiciary against the principle that a just result should not be forfeited at the hands of an attorney's lack of diligence." Baskett, 422 N.J. Super. at 379.

In Estate of Semprevivo, we addressed "whether the good cause or exceptional circumstances standard applie[d] for [the] reinstatement of [a] complaint in a multi-defendant case, where no defendants ha[d] appeared in the case [or] participated in discovery." 468 N.J. Super. at 5-6. The plaintiffs filed a complaint in September 2018, but thereafter failed to take any further action, and their complaint was dismissed in March 2019 for lack of prosecution. Id. at 7. In July 2019, more than ninety days after the complaint was dismissed, the

plaintiffs moved to reinstate the complaint under Rule 1:13-7(a). Id. at 8. The trial court denied the motion, finding the plaintiffs "neither demonstrated good cause nor exceptional circumstances." Id. at 9. One of the defendants then moved to dismiss the complaint with prejudice, which the court granted. Id. at 9-10. The plaintiffs subsequently appealed, arguing the court erred by utilizing the heightened exceptional circumstances standard for multi-defendant cases, and the court should have considered the motion under Rule 1:13-7's good cause standard. Id. at 10-11.

We determined the court should have applied the good cause standard, as opposed to exceptional circumstances, explaining, "[t]he trial court applied the 'exceptional circumstances' standard [of] Rule 1:13-7 at a juncture in the case when application of that standard did not serve the purpose of the [R]ule." Id. at 14. We noted, "[t]he exceptional circumstances standard [of Rule 1:13-7] 'was intended to avoid delay where a case ha[d] proceeded against one or more defendants, and the plaintiff then seeks to reinstate the complaint against a previously-dismissed additional defendant.'" Id. at 12 (quoting Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 609 (App. Div. 2014)); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 1:13-7(a) (2021). We further observed:

The rationale underlying the requirement that a plaintiff demonstrate exceptional circumstances in multi-defendant cases stems from a management problem that arises in such cases. In multi-defendant cases where the complaint has been dismissed as to only one defendant,

> the case likely will have proceeded and discovery undertaken at least with respect to the action(s) against the remaining defendant or defendants. Thus vacation of the dismissal has the capacity of substantially delaying all further proceedings. To permit appropriate case management, the [Rule] requires the consent order to be submitted within [sixty] days after the dismissal or, in the alternative, on motion for good cause shown within [ninety] days of the order of dismissal or on a showing of exceptional circumstances thereafter.

[468 N.J. Super. at 12-13 (citation omitted) (quoting Pressler & Verniero, cmt. 1.2 on R. 1:13-7(a)).]

Further, we noted, "the general concept of relaxing a rule when adherence to it would result in an injustice takes on added significance when a rule involves case management and a party is facing the ultimate sanction of dismissal with prejudice." Id. at 13. We observed "the management problem the [Rule] was intended to address—delay of all further proceedings against defendants that have participated in the case and taken discovery—did not exist." Id. at 14. Accordingly, we held where a complaint in a multi-defendant case has been

10

dismissed for lack of prosecution and more than ninety days have elapsed, but no defendants have appeared in the case or participated in discovery, a court should not apply the "heightened exceptional circumstances standard," but rather, may restore the complaint upon a showing of good cause. Ibid.

As to the "good cause" standard, we have previously pointed out it is "an amorphous term" that is "'difficult of precise delineation.'" Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007) (quoting Del. Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002)). "Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." Ibid. (quoting Del. Valley Wholesale Florist, Inc, 349 N.J. Super. at 232).

Furthermore, "absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the [Rule] should be viewed with great liberality." Baskett, 422 N.J. Super. at 381 (quoting Ghandi, 390 N.J. Super. at 197). "The principal concern in determining prejudice is impairment of the defendant's ability to present a defense on the merits. Prejudice occurs, for example, when defendants are disadvantaged in their ability to prepare a case as a result of disposing of necessary records after a limitations-of-actions period

11

has run." State v. One 1986 Subaru, 120 N.J. 310, 315 (1990) (citations omitted).

It is the defendant's burden to demonstrate prejudice. See Baskett, 422 N.J. Super. at 385. Notably, in Baskett, we rejected the defendant's argument he was prejudiced "by the passage of time" of thirty-three months between the time the plaintiff filed the complaint and the time he was served. Id. at 384. The defendant pointed to "[t]he potential unavailability of witnesses, the potential destruction or loss of evidence, [the] lack of discovery from [the p]laintiffs, [and] the lack of depositions and independent medical examinations." Id. at 385 (first and fourth alterations in original). We were unpersuaded and explained, "other than generalities ('[m]emories of witnesses clearly have faded') or conjectures ('[i]t is hard to believe that a meaningful deposition of any of the plaintiffs is going to be obtainable'), [the] defendant failed to demonstrate any prejudice whatsoever." Id. at 384-85 (first and second alterations in original). Furthermore, "[t]here [was] not a scintilla of evidence in the record to suggest that anything in this parade of horribles exists or is likely to come to pass." Id. at 385.

Having considered the record and the applicable law, we are constrained to vacate the trial court's order. Despite being served with the complaint,

defendants failed to answer, and consequently, no discovery was conducted. These facts are analogous to Estate of Semprevivo. For these reasons, we conclude the court erred in utilizing the heightened exceptional circumstances standard to deny plaintiff's motion to reinstate. The court should have employed the good cause standard. Accordingly, we remand and direct the trial court to address plaintiff's application under the good cause standard.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

13

A-3605-24