**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3678-19

MILDRED VALENTIN,

    Plaintiff-Appellant,

v.

SABRINA C. PINCKNEY,

    Defendant-Respondent.

_____

> Argued November 1, 2021 – Decided December 15, 2021
>
> Before Judges Accurso and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6487-12.
>
> Carlos H. Acosta, Jr. argued the cause for appellant.
>
> John V. Mallon argued the cause for respondent (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; John V. Mallon, of counsel and on the brief; Kelly A. Weber, on the brief).

PER CURIAM

Plaintiff Mildred Valentin appeals from the April 9, 2020 order denying her motion to reinstate her personal injury complaint against defendant Sabrina C. Pinckney. She also challenges the May 22, 2020 order denying her motion to reconsider the April 9 order. We affirm both orders.

In October 2011, plaintiff was involved in a two-car accident in Union Township; defendant was the driver of the second vehicle, and allegedly rear-ended plaintiff's car. Plaintiff filed a personal injury suit against defendant in August 2012, and unsuccessfully attempted to serve her with the complaint in September 2012. The process server noted that the address listed for defendant was a large apartment building, so an apartment number or letter was needed to locate her residence. The process server offered "to further investigate this matter" and perform a skip trace search, but it does not appear plaintiff pursued this option.

On March 15, 2013, plaintiff's case was dismissed without prejudice for lack of prosecution. She subsequently conducted an internet search, which produced several potential addresses in Newark for defendant. In April 2016, plaintiff's attorney contacted the Postmaster of Newark to see if defendant resided at one of the Newark addresses listed on the internet. The following

2

month, the Postmaster responded that defendant was "not known at [that] address."

Starting in January 2020, plaintiff's counsel attempted to serve defendant at various Newark addresses. On March 15, 2020, exactly seven years after the dismissal of the complaint and after plaintiff had obtained an apartment number for defendant, plaintiff's process server successfully served defendant with the complaint at the same address listed for her in the October 2011 police crash investigation report.

Plaintiff's counsel promptly filed a motion to reinstate the case; the trial court denied the motion without argument on April 9, 2020. In the brief opinion accompanying the order, the judge stated that plaintiff did not "articulate[] a reason for the inordinate delay in moving to restore this matter" and there was "no showing of good cause or exceptional circumstances to explain the gaps in activity to restore this [seven-plus] year[-]old matter."

On April 28, 2020, plaintiff moved for reconsideration of the April 9 order. The judge denied the motion without argument on May 22, 2020, and entered an order that day, noting plaintiff's counsel "failed to articulate the mat[t]ers or controlling decisions which [he] believes th[e] [c]ourt overlooked or as to which it has erred."

3

On appeal, plaintiff contends the trial court: (1) "misapplied the applicable legal standard" to her reinstatement motion, and failed to recognize she met the requisite "good cause" standard; (2) did not appreciate that any alleged prejudice suffered by defendant upon reinstatement of the case was outweighed by the significant prejudice plaintiff would suffer if reinstatement were denied; and (3) erred by failing to conduct oral argument on her motions for reinstatement and reconsideration and by failing to explain the reasons for denying her motions. We are not persuaded.

Our review of an order denying reinstatement of a complaint dismissed for lack of prosecution is limited. We review such an order for an abuse of discretion, Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257, 262 (App. Div. 2007), cognizant that Rule 1:13-7(a) is a "docket-clearing rule . . . designed to balance the institutional needs of the judiciary against the principle that a just result should not be forfeited at the hands of an attorney's lack of diligence[,]"[1] Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 379 (App.

---

[1] The Rule details the bases for an administrative dismissal of a complaint for lack of prosecution and provides the standards and procedure for reinstatement of a complaint that has been administratively dismissed. In part, the Rule provides

Div. 2011). Similarly, we review the denial of a reconsideration motion for an abuse of discretion, understanding that reconsideration is only available when "either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Finally, we review de novo the "trial court's interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citing State v. Brown, 118 N.J. 595, 604 (1990)).

---

[a]fter dismissal, reinstatement of an action against a single defendant may be permitted on submission of a consent order vacating the dismissal and allowing the dismissed defendant to file an answer . . . . If the defendant has been properly served but declines to execute a consent order, plaintiff shall move on good cause shown for vacation of the dismissal.

[R. 1:13-7(a).]

5

Governed by these principles, we are not convinced that the judge's denial of plaintiff's motions rested on an impermissible basis. See Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

As we explained in Baskett, the 2008 amendments to Rule 1:13-7 created "separate standards for cases with a single defendant and cases with multiple defendants" where reinstatement is concerned. 422 N.J. Super. at 383. The more demanding exceptional circumstances standard is applied in multi-defendant cases, whereas the good cause standard applies to single-defendant cases. Id. at 383-84. Because the instant matter involves only a single defendant, the good cause standard applies. Thus, to the extent the trial court referenced an alternative "exceptional circumstances" standard in its April 9 decision, that reference was mistaken. See R. 1:13-7(a).

Although motions based on Rule 1:13-7(a) are to be liberally indulged, Ghandi v. Cespedes, 390 N.J. Super. 193, 198 (App. Div. 2007), it does not follow that all such motions must be granted, Cooper v. Consolidated Rail Corp., 391 N.J. Super. 17, 25 (App. Div. 2007). Instead, the application of good cause ultimately turns on the trial court's "exercise of sound discretion in light of the facts and circumstances of the particular case." Ghandi, 390 N.J. Super. at 196 (quoting Delaware Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super.

228, 232 (App. Div. 2002)).  Under the good cause standard, reinstatement is improper where defendant would be prejudiced by the reinstatement.  Id. at 197.

Here, defendant objected to reinstatement, contending she would be prejudiced in her ability to defend herself against plaintiff's stale allegations, due to "lost witnesses" and difficulty in accessing plaintiff's medical records from several years before the accident.  On appeal, defendant continues to argue these "records are necessary to determine if [plaintiff's] current condition is causally related to the accident . . . and, if so, to what degree," but "[t]he passage of time in this matter prevents [defendant] from obtaining those records."  While acknowledging plaintiff's representation that her counsel forwarded certain medical records and reports to defense counsel, defendant contends that under N.J.A.C. 13:35-6.5(b), medical treatment providers are only required to maintain patient records for seven years.  Accordingly, defendant argues that her lack of access to relevant medical records well predating the accident may limit the defenses available to her.

It is evident to us that in balancing the parties' concerns, the judge was presented with the extraordinary fact that plaintiff failed to seek reinstatement of her case for more than seven years after entry of the dismissal order.  As an excuse for the delay, plaintiff's counsel referred to his inability to secure a proper

address for defendant. But that circumstance does not remotely excuse plaintiff's unexplained failure to pursue alternative methods of service. For example, plaintiff made no effort to effectuate substituted service on defendant's insurance carrier, as permitted by Rule 4:4-4(b)(3), despite that defendant's insurance policy information was listed on the 2011 police crash investigation report. See Feuchtbaum v. Constantini, 59 N.J. 167, 178-79 (1971) (permitting substituted service in auto negligence cases on a defendant's liability insurance carrier when the defendant cannot be located for service). Thus, we cannot conclude the judge abused his discretion in finding plaintiff failed to demonstrate good cause for the several-year-delay in moving to reinstate the complaint. Likewise, we discern no abuse of discretion in the judge's denial of plaintiff's reconsideration motion because plaintiff failed to demonstrate the initial decision was based on a "palpably incorrect or irrational basis" or that the judge failed to consider certain evidence. Cap. Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (citation omitted).

Finally, plaintiff argues the trial court erred "by failing to hold oral argument as requested by the parties and failing to provide a written or oral decision when denying [p]laintiff's [m]otion[s]." Again, we disagree.

Although "[t]he denial of oral argument when a motion has properly presented a substantive issue to the court for decision 'deprives litigants of an opportunity to present their case fully to a court,'" Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (quoting Mackowski v. Mackowski, 317 N.J. Super. 8, 14 (App. Div. 1998)), "a request for oral argument respecting a substantive motion may be denied," Raspantini v. Arocho, 364 N.J. Super. 528, 531 (App. Div. 2003). Under Rule 1:6-2(d), a trial court may decide a motion on the papers when there are no contested facts requiring an evidentiary hearing for disposition. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 1:6-2(d) (2022). The movant must show there was prejudice warranting reversal if the trial court denies a request for oral argument on a motion. See Finderne Heights Condo. Ass'n v. Rabinowitz, 390 N.J. Super. 154, 165-66 (App. Div. 2007).

Here, the trial court was well within its discretion in denying plaintiff's request for oral argument, particularly given that it was uncontroverted defendant was not served with plaintiff's complaint for several years and plaintiff provided no reason for failing to serve her through defendant's insurance carrier as provided under the Rules of Court. Because the motions did not warrant an evidentiary hearing and the judge articulated his reasons

supporting his decision in each instance, we are satisfied the failure of the judge to conduct oral argument does not constitute reversible error. Further, we are persuaded the judge's statement of reasons for both the April 9 and May 22 order, while succinct, comported with <u>Rule</u> 1:7-4.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3678-19