**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1681-21

PROMPT MORTGAGE
PROVIDERS OF NORTH
AMERICA, LLC, and
LOUIS GALPERN,

  Plaintiffs-Respondents,

v.

SIMON ZAROUR,

  Defendant-Appellant,

and

DINA ZAROUR, as Administratrix
of the Estate of FAKHRY ZAROUR,
LYNX ASSET, and FRANKS GMC
TRUCK CENTER,

  Defendants-Respondents.

_____

  Argued November 13, 2023 – Decided December 4, 2023

  Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-051518-14.

Simon Zarour, appellant, argued the cause pro se.

Owen J. Lipnick argued the cause for respondents Prompt Mortgage Providers of North America, LLC, and Louis Galpern (Bertone Piccini, LLP, attorneys; Owen J. Lipnick, on the brief).

PER CURIAM

In this commercial foreclosure action, appellant Simon Zarour ("Zarour") appeals from various trial court orders including a November 3, 2017 order granting summary judgment, an April 27, 2020 order reinstating the action, and a December 17, 2021 order entering final judgment. Based on our review of the record and the applicable principles of law, we affirm.

We summarize the facts developed in the record. On April 29, 2008, Zarour executed two one-year notes in favor of Louis Galpern and Prompt Mortgage Providers of North America, LLC (collectively, "Prompt") in the total amount of $650,000. One note memorialized a loan in the amount of $300,000 for construction of a property in New Jersey (the "N.J. Note"). The second note memorialized a loan in the amount of $350,000 for construction of a property in New York (the "N.Y. Note"). Both notes matured on April 30, 2009.

2

To secure repayment of the loans, Zarour executed two mortgages. The mortgage at issue in this action encumbered a property on Surf Road in Monmouth Beach (the "Property"), and secured both the N.J. Note and the N.Y. Note in the total amount of $650,000 (the "N.J. Mortgage"). The second mortgage encumbered a property on Collins Avenue, Spring Valley, New York, and secured only the N.Y. Mortgage in the total amount of $350,000 (the "N.Y. Mortgage").

Zarour and Prompt were separately represented by counsel at the closing. Prompt was represented by David H. Singer, Esq. ("Singer"), who prepared all the documents signed at the closing. Zarour was represented by Edward R. Evans, Esq. The closing took place at Singer's office in New York.

On February 1, 2009, Zarour defaulted on his obligations under the notes and mortgages. On July 2, 2012, Prompt instituted a foreclosure in New York to foreclose on the N.Y. Mortgage (the "N.Y. Action"). Final judgment of foreclosure was entered in the N.Y. Action and the N.Y. Property was sold at auction by a court-appointed referee. A deficiency judgment was subsequently entered in the amount of $521,820.67 (the "N.Y. Deficiency Judgment"). Zarour appealed, and the judgments were affirmed.

3

On November 21, 2014, Prompt instituted this foreclosure action to foreclose on the N.J. Mortgage. Zarour filed a contesting answer. Prompt moved for summary judgment to strike Zarour's answer, and Zarour cross-moved to dismiss. On July 9, 2015, the trial court granted Prompt's motion for summary judgment and denied Zarour's cross-motion.

On September 24, 2015, Zarour filed a Chapter 11 bankruptcy petition (the "2015 Bankruptcy"). On February 18, 2016, the 2015 Bankruptcy was dismissed. As a result of Zarour's bankruptcy, this action was administratively dismissed without prejudice. Prompt subsequently moved to reinstate the case, and Zarour cross-moved to dismiss arguing that the claims were barred by the applicable statute of limitations. On October 14, 2016, the trial court granted Prompt's motion to reinstate the action and denied Zarour's cross-motion to dismiss. In an oral opinion, the court found Prompt demonstrated good cause to reinstate the action and rejected Zarour's statute of limitations argument because the reinstated action was filed before the statute of limitations expired.

After obtaining leave of court, Prompt filed an amended complaint to address an issue relating to a subordinate mortgage holder. Zarour filed an answer to the amended complaint. Prompt again moved for summary judgment and Zarour cross-moved to dismiss. On November 3, 2017, the trial court

4

granted Prompt's motion for summary judgment, and denied Zarour's cross-motion. In an oral opinion, the court found Zarour's answer offered only general denials, failed to challenge the essential elements of the foreclosure action, and failed to plead a valid defense. The court also found Zarour's affirmative defenses based on lack of standing, unclean hands, and the statute of limitations were without merit.

On March 12, 2018, Zarour filed another Chapter 11 bankruptcy petition (the "2018 Bankruptcy"). As a result of the 2018 Bankruptcy, this action was administratively dismissed without prejudice for a second time. Prompt obtained relief from the automatic bankruptcy stay and moved to reinstate the case. Once again, Zarour cross-moved to dismiss raising the same arguments previously rejected by the court. On April 24, 2020, the court issued an oral opinion finding the case should be reinstated for good cause. The court once more rejected Zarour's argument based on the statute of limitations and refused to reconsider its decision regarding the other defenses the court previously considered and rejected. On April 27, 2020, the court entered orders reinstating the case and denying Zarour's cross-motion to dismiss.

Prompt moved for entry of final judgment including all amounts due under the N.J. Note and the N.Y. Deficiency Judgment. On November 5, 2021, the

court granted that motion in an oral opinion. On December 17, 2021, the court entered final judgment of foreclosure in the total amount of $1,692,476.55, which included all amounts due under the N.J. Note and the N.Y. Deficiency Judgment. On May 23, 2022, Prompt acquired the Property at sheriff's sale. On July 15, 2022, the trial court denied Zarour's objection to the sheriff's sale.

This appeal followed. Zarour raises the following arguments for our consideration: (1) Prompt proffered and used multiple notes with different terms; (2) Prompt is guilty of fraud in the inception due to misrepresenting the terms of the agreement; (3) ambiguities and uncertainties in the terms of the agreement render it an unenforceable contract; (4) comity was violated by Prompt by filing two actions, one in New York and one in New Jersey; (5) Prompt's claims are barred by the applicable statute of limitations; (6) Prompt was unlicensed in New Jersey at the time it proffered and used the multiple notes; and (7) Prompt's attorneys were unlicensed to practice in New Jersey at the time the notes were proffered.

We review the trial court's adjudication of a summary judgment motion de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). No special deference is accorded to a trial judge's assessment, as the decision to grant or withhold summary judgment amounts to a ruling on a question of law. See

Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995). We must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 125 (2023) (internal quotation marks omitted) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

We affirm substantially for the reasons set forth in the trial court's November 3, 2017, April 24, 2020, and November 5, 2021 oral opinions. We add the following comments.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993) (citations omitted). A party seeking to foreclose must demonstrate "execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). In addition, the foreclosing party must "'own or control the underlying debt.'" Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)).

The trial court determined correctly based on competent evidence in the record that Prompt established it had standing as the owner of the underlying debt, and Zarour executed the N.J. Note and N.J. Mortgage, received $650,000 from Prompt that was secured by the N.J. Mortgage, and defaulted on his obligations under the N.J. Note and N.J. Mortgage. The trial court, therefore, appropriately granted summary judgment in favor of Prompt.

We are not persuaded by Zarour's claim that Prompt proffered and used multiple notes with different terms or that the terms of the notes were ambiguous. Zarour's claim is premised on his contention that the N.J. Mortgage was based on a single $650,000 "Mortgage Note" he produced in this litigation and in the N.Y. Action rather than the two notes upon which Prompt relies. Zarour contends the N.J. Mortgage refers to a single $650,000 note, not two underlying notes. Contrary to Zarour's claim, the N.J. Mortgage includes a "payment schedule" that provides Prompt "will lend in total the sum of $650,000 to" Zarour and refers to two separate loans – one for $350,000 "for the New York loan on 29 Collins Avenue" and one for "$300,000 on the [Property]." The payment schedule makes clear the N.J. Mortgage secures the entire $650,000 loaned under the N.Y. Note and the N.J. Note, and expressly recognizes there are two separate underlying loans.

8

Zarour's claim is also directly contradicted by Prompt's counsel, Singer, who prepared the closing document. In a certification filed in connection with Prompt's first summary judgment motion, Singer certified that he prepared the closing documents in connection with the transaction. Zarour agrees that Prompt's counsel prepared all of the closing documents but contends he did not read them. Singer certified he never prepared the single $650,000 note produced by Zarour. He further certified that the $650,000 note is not consistent with the standard "FannieMae, multi-state note" form he always utilized, and there was no evidence on his computer or electronic database of any such document ever being created by his office. Singer certified that no such document was used at the closing in this matter. Because Zarour contends he did not read any of the closing documents, he cannot credibly dispute Singer's certification.

The $650,000 note produced by Zarour also does not include a maturity date. In support of his statute of limitations argument, Zarour argues that the maturity date of the note was April 30, 2009. The $650,000 Mortgage Note does not include a maturity date and refers to "terms . . . annexed hereto." The record does not include any such annexed terms. In contrast, the N.J. Note and the N.Y. Note include an April 30, 2009 maturity date, consistent with Zarour's own argument.

A-1681-21

Zarour's claim that he signed a single $650,000 note at the closing is not supported by credible evidence and is contradicted by competent evidence in the record. Zarour failed to produce any competent evidence in support of his claim that the N.J. Note is fraudulent, or that Prompt relied on multiple notes with different, ambiguous terms.

Zarour's claim that he was fraudulently induced to sign the closing documents is unconvincing. Specifically, Zarour contends he and Galpern agreed prior to the closing that the closing documents would include a "$700,000 to [$1,000,000] line of credit," but the line of credit was not included in the loan documents. Zarour contends that he did not read the loan documents and relied on Galpern's promise that the line of credit would be included.

Zarour's fraudulent inducement claim is precluded because it was not raised in his answer to the amended complaint. Fraud is an affirmative defense that must be pleaded with specificity. R. 4:5-4 and -8. Because Zarour did not raise the affirmative defense of fraud in the trial court, he cannot do so now.

Zarour's fraudulent inducement claim also fails on the merits. The elements of fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the

10

other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997). Fraud "must be established by clear and convincing evidence." Weil v. Express Container Corp., 360 N.J. Super. 599, 613 (App. Div. 2003). Zarour cannot establish a viable fraudulent inducement claim. Zarour was represented by counsel at the closing, and his counsel had the opportunity to review the closing documents before Zarour signed them. Zarour cannot prove by clear and convincing evidence that he reasonably relied on a promise by Galpern to include a term in the closing documents because the closing documents were reviewed and approved by Zarour's personal counsel.

Zarour's claim that this action was barred by the doctrine of comity lacks merit. "Comity is practiced when a court of one jurisdiction voluntarily restrains itself from interfering in a matter falling within the purview of a court of another jurisdiction." Thompson v. City of Atl. City, 190 N.J. 359, 382 (2007). The general rule provides that a first-filed action, involving substantially the same parties, the same claims, and the same legal issues, takes precedence over a later-filed action, in the absence of special equities. Yancoskie v. Del. River Port Auth., 78 N.J. 321, 324 (1978); Am. Home Prods. Corp. v. Adriatic Ins. Co., 286 N.J. Super. 24, 37 (App. Div. 1995).

11

"The determination of whether to grant a comity stay or dismissal is generally within the discretion of the trial court." Sensient Colors, Inc. v. Allstate Ins. Co., 193 N.J. 373, 390 (2008). The trial court's decision to apply the doctrine of comity requires "a fact-specific inquiry that weighs considerations of fairness and comity[,]" which we review under an abuse of discretion standard. Id. at 389-90. We discern no abuse of discretion.

The N.Y. Action was to foreclose on the N.Y. Mortgage. This action involves foreclosure on the N.J. Mortgage. The actions do not involve the same claims and legal issues. The trial court did not abuse its discretion by denying Zarour's motion to dismiss based on comity.

Zarour's contention that Prompt's claims are barred by the statute of limitations is entirely without merit. Zarour concedes Prompt's complaint was initially filed timely but argues that the statute of limitations expired before the action was reinstated in 2016 and 2020. "The right to reinstatement is . . . granted when plaintiff has cured the problem that led to the dismissal . . . ." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 384 (App. Div. 2011) (quoting Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007)). We review a decision to reinstate a complaint for abuse of discretion. Baskett, 422 N.J. Super. at 382. The court did not abuse its discretion by reinstating the case.

12

In each instance, the matter was administratively dismissed because Zarour filed for bankruptcy protection and the case could not proceed until the automatic bankruptcy stay was lifted. The administrative dismissals were without prejudice, and the case was reinstated by the trial court for good cause.

Upon restoration of an action, the initial filing date is the operative date for application of the statute of limitations. "[I]f a defendant could not raise the statute of limitations defense prior to dismissal of the complaint, it cannot do so at the time it is restored." Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 270 (App. Div. 1989). Prompt's claims were not barred by the statute of limitations.

Zarour's claim that the judgment in this case is void because Prompt is a foreign corporation and did not have a certificate of authority to transact business in New Jersey is unavailing. A foreign corporation is only required to obtain a certificate of authority if it conducts localized, intrastate business in New Jersey. Materials Rsch. Corp. v. Metron, Inc., 64 N.J. 74, 78-79 (1973). Zarour does not point to any evidence that could support such a finding in this case. He also does not provide any authority for the contention that failure to obtain such a certificate would invalidate the judgment entered in this case, and there is no basis to conclude it would. Finally, even if Prompt was required to

A-1681-21

obtain a certificate of authority, Galpern was not, as he is also a plaintiff in his individual capacity.

Zarour's claim that the judgment should be vacated because Prompt's prior attorneys engaged in the unlicensed practice of law in New Jersey is baseless. Even if Zarour could identify an act implicating the unauthorized practice of law, it would potentially represent the basis for a disciplinary or criminal action, not a defense to this foreclosure action.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1681-21