**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0988-23

DAE SUN YOON,

    Plaintiff-Appellant,

v.

FLETCHER & WEST
ASSOCIATES, LLC and
KFC USA, INC.,

    Defendants-Respondents.

_____

Submitted November 20, 2024 – Decided February 7, 2025

Before Judges Marczyk and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8554-19.

Napoli Shkolnik, PLLC, attorneys for appellant (Tia Garcia, on the briefs).

Rawle & Henderson, LLP, attorneys for respondents (Richard Imossi, on the brief).

PER CURIAM

Plaintiff Dae Sun Yoon appeals from the trial court's October 24, 2023 order denying his motion to reinstate his complaint pursuant to Rule 1:13-7. He also appeals from the trial court's October 24, 2023 order granting defendants' Fletcher & West Associates, LLC (Fletcher) and KFC USA, Inc. (KFC) motion to dismiss plaintiff's complaint with prejudice based on his failure to restore the complaint in a timely manner under Rule 1:13-7. Following our review of the record and the applicable legal principles, we are satisfied plaintiff demonstrated good cause to reinstate the complaint. Therefore, we vacate both orders.

I.

Plaintiff filed a complaint in December 2019 for injuries he allegedly sustained after falling on defendants' premises in October 2018. Thereafter, the case went through a procedural odyssey culminating in its ultimate dismissal.

Despite being served with the complaint in April 2020, defendants failed to answer. In August 2020, the court issued a lack of prosecution dismissal notice to plaintiff under Rule 1:13-7 pertaining to both defendants. In October 2020, plaintiff requested a default against defendant Fletcher for failure to plead or otherwise defend, and default was entered against Fletcher on October 14,

2020.[1]  Later in October 2020, plaintiff's complaint was dismissed as to KFC pursuant to Rule 1:13-7, for lack of prosecution, and the notice stated "a formal . . . motion is now required to restore this party to active trial status."  In December 2020, defendants attempted to file an answer.  However, the court rejected the answer because Fletcher was in default.  Later that same month, the court entered a consent order vacating default as to Fletcher and extending the time to answer.[2]  Nevertheless, defendants failed to file an answer within thirty days as set forth in the order.

Accordingly, a second lack of prosecution dismissal warning, pertaining to defendant Fletcher only, was issued in February 2021.  The warning stated the case would be dismissed on April 20, 2021, unless appropriate action was taken under Rule 1:13-7.  On April 23, 2021, the court issued an order dismissing

---

[1]  It is unclear why default was not also requested as to KFC.

[2]  Plaintiff notes the "consent order did not address the lack of prosecution dismissal, but it was granted by the court anyway[] and the case went back into active status."  Defendants assert this is incorrect as the consent order "only vacated Fletcher's default and permitted [d]efendants an opportunity to file an [a]nswer.  The [c]onsent [o]rder did not reinstate the action regarding KFC, as the [c]ourt advised in its [d]ismissal [o]rder, dated October 16, 2020, a motion was necessary to effect such reinstatement."  Defendants further note "the action against KFC was never reinstated after it was dismissed by the [o]rder dated October 16, 2020."

A-0988-23

Fletcher for lack of prosecution pursuant to Rule 1:13-7. The order stated "a formal notice of motion is now required to restore this case to active trial status."

In January 2022, defendants filed yet another consent order vacating default against defendant Fletcher, which was entered by the court. On January 17, 2022, defendants KFC and Fletcher filed an answer. On January 18, 2022, the court issued a notice advising "[t]he complaint was dismissed for lack of prosecution . . . as to both defendants. If [plaintiff] wish[es] to proceed with this matter, [plaintiff] must file a motion with the court to vacate the dismissal." (Emphasis in original).

Plaintiff asserts that the

> prior . . . attorney at [their] firm [assigned to the case] was . . . charged with getting the matter reinstated. However, unbeknownst to anyone at [the] firm, he did not make the motion within the required [time period]. He was ultimately let go in April 2023. Following his dismissal, the case was [transferred] to another New Jersey attorney; however, within weeks of reassigning the case, that attorney unexpectedly left the firm.

Plaintiff further notes, "[f]ollowing the departure of both New Jersey attorneys, the matter was reassigned to the one remaining New Jersey attorney at [plaintiff's] firm, who promptly filed the motion to reinstate."

In September 2023, plaintiff's firm moved to reinstate. Defendants cross-moved to dismiss with prejudice and opposed plaintiff's motion to reinstate

4

"based on abandonment after a R[ule] 1:37-7 dismissal on April 24, 2021, . . . and failure to demonstrate exceptional circumstances to reinstate the action."

The trial court, in an oral decision, noted "there was a significant . . . delay as it relates to the request to reinstate and there is . . . case law that indicates that a year or more" imposes "a significant standard of proof which must be presented . . . upon an application to reinstate." The court further determined:

> it [was] incumbent upon [plaintiff's] counsel to . . . take action warranted as it relates to being served with a notice of dismissal or . . . the case would be dismissed for lack of prosecution. That was served in this case. That was communicated. Yet, no action was taken for whatever reason . . . .

The court also found that the passage of time and lack of discovery created a "substantial prejudice to . . . defendants to now try to defend a case where the cases were dismissed three years ago." The court reasoned "there are no grounds . . . presented . . . other than the procedural history," and "there was ample opportunity" for plaintiff to move to reinstate. The court found "[e]xceptional circumstances [were] not presented. Good cause [was] not presented. There [was] substantial prejudice to . . . defendants . . . ."

On October 24, 2023, the trial court entered separate orders denying plaintiff's motion to reinstate and granting defendants' cross-motion to dismiss. This appeal followed.

5

II.

Plaintiff argues the trial court erred when it applied a narrow interpretation of the exceptional circumstances standard to plaintiff's case without considering the totality of the circumstances and defendants' fault regarding the lack of prosecution dismissal. He further asserts the trial court erred in deciding defendants were prejudiced by his delay in moving to reinstate the claim. He further maintains the trial court abused its discretion in failing to relax the requirements of Rule 1:13-7 in the interest of justice.

We review the denial of a motion to reinstate a complaint dismissed for lack of prosecution for abuse of discretion. Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

A-0988-23

A.

Plaintiff asserts that the trial court "adopted a narrow or more literal definition of exceptional circumstances" because "there was no discussion by the trial court regarding what definition of 'exceptional circumstances' was used, nor was there even a cursory discussion of the standard at all." He argues the court overlooked "the fact that the parties were actively seeking to work on this matter, [as] eviden[ced] by the consent orders and subsequent filings, until January . . . 2022." Plaintiff notes "[d]efendants repeatedly failed to file an [a]nswer." He asserts that "[a]fter the first consent order to vacate default . . . was granted [in December 2020], . . . [d]efendants merely had to re-file" their answer "but failed to do so . . . until January 2022."

Plaintiff argues that "the lack of prosecution dismissal confusion stemmed in part from [the] action [taken] by the trial court" because the December 2020 consent order "made no mention of consenting to reinstate or restore the case, but the [c]ourt restored the matter to active status anyway[]," and the "January 2022 [c]onsent [o]rder was also granted . . . , but [that] time it did not restore the case to the active calendar." Plaintiff argues the "January 2022 [c]onsent [o]rder should not have . . . been granted if the case was dismissed . . . , but it

A-0988-23

was not until after . . . [d]efendants filed an [a]nswer" that the court noted plaintiff had to first file a motion to vacate the dismissal.

Plaintiff's counsel acknowledges her firm was not without fault. Specifically, after the court rejected defendants' answer in January 2022, plaintiff "should have . . . made the motion" to reinstate. However, plaintiff contends "the parties were still communicating during this time, and in April 2023[,] [defense counsel] asked [p]laintiff's counsel if they . . . intend[ed] to vacate the dismissal, which[, according to plaintiff,] seemingly indicates [defendants] were still aware and willing to move the matter forward." Plaintiff argues that "[i]n viewing the totality of the circumstances . . . , [p]laintiff's attorneys were still prosecuting the matter, and the substantial delay . . . was caused in part by . . . [d]efendants and the confusion on behalf of the trial court."

Plaintiff next contends the trial court erred in finding reinstatement would prejudice defendants. He asserts defendants' attempts to answer the complaint as late as January 2022 demonstrate they were "willing and able" to defend this case. Moreover, "[d]efendants were still in contact with [p]laintiff's counsel regarding the case in April 2023," and there was no indication they would object to reinstatement. Plaintiff cites to Baskett for the proposition that a "defendant's mere argument that [he was] prejudiced by the 'passage of time' [i]s not enough

to evidence prejudice." 422 N.J. Super. at 385. Plaintiff asserts defendants "had ample time to take photos, collect evidence, and take down witness names," as they were served with the complaint just over a year after plaintiff's slip and fall accident.

Defendants counter that "[a]lthough courts are lenient in reinstating cases after an administrative dismissal under R[ule] 1:13-7, that leniency diminishes the greater the amount of time that passes from the dismissal without a cure of the issues that caused the dismissal." Defendants next assert plaintiff failed to demonstrate "exceptional circumstances."

However, defendants concede the proper standard to be applied to an analysis of the reinstatement of plaintiff's complaint under the facts of this case is good cause pursuant to Estate of Semprevivo v. Lahham, 468 N.J. Super. 1, 12-14 (App. Div. 2021). Nevertheless, they maintain plaintiff fails to establish even this lower threshold, and the court properly denied the motion to reinstate.

Defendants further assert they would be prejudiced if plaintiff's complaint is reinstated. They assert plaintiff never specified the time of the incident, how the accident occurred, or the nature of his injuries. Defendants argue they "have been deprived of any meaningful opportunity to investigate," and it is "unlikely"

the property is the same today as in 2018. Moreover, because of the time lapse,

most of the employees are "likely" no longer working for defendants.

Turning to our analysis, we note that <u>Rule</u> 1:13-7(a) provides:

> [W]henever an action has been pending for four months . . . without a required proceeding having been taken therein as . . . defined in subsection (b),[3] the court shall issue written notice to the plaintiff advising that the action as to any or all defendants will be dismissed without prejudice [sixty] days following the date of the notice . . . unless, within said period, action specified in subsection (c) is taken. If no such action is taken, the court shall enter an order of dismissal without prejudice as to any named defendant and shall furnish the plaintiff with a copy thereof. After dismissal, reinstatement of an action against a single defendant may be permitted on submission of a consent order vacating the dismissal and allowing the dismissed defendant to file an answer . . . . If a defendant has been properly served but declines to execute a consent order, plaintiff shall move on good cause shown for vacation of the dismissal. In multi-defendant actions in which at least one defendant has been properly served, [a] consent order [vacating dismissal] shall be submitted [by plaintiff] within [sixty] days of the order of dismissal, and if not so

---

[3] <u>Rule</u> 1:13-7(b), in pertinent part, provides:

> The following events constitute required proceedings that must be timely taken to avoid the issuance by the court of a written notice of dismissal as set forth in subsection (a): (1) proof of service or acknowledgment of service filed with the court; or (2) filing of answer; or (3) entry of default; or (4) entry of default judgment . . . .

10

> submitted, a motion for reinstatement shall be required. The motion shall be granted on good cause shown if filed within [ninety] days of the order of dismissal, and thereafter shall be granted only on a showing of exceptional circumstances.

Rule 1:13-7 is a "docket-clearing rule that is designed to balance the institutional needs of the judiciary against the principle that a just result should not be forfeited at the hands of an attorney's lack of diligence." Baskett, 422 N.J. Super. at 379.

Initially, we observe plaintiff's arguments regarding the exceptional circumstances standard are misplaced. As defendants acknowledge, the proper standard to consider the reinstatement of a complaint under Rule 1:13-7(a) here is good cause. As we noted in Semprevivo, "[t]he exceptional circumstances standard 'was intended to avoid delay where a case has proceeded against one or more defendants, and the plaintiff then seeks to reinstate the complaint against a previously-dismissed additional defendant.'" 468 N.J. Super. at 12 (quoting Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 609 (App. Div. 2014)); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 1:13-7(a) (2021). Here, defense counsel represented both defendants who were both

properly served, but failed to answer. Moreover, the case did not proceed

against either defendant, and therefore, the good cause standard applies.[4]

---

[4] In <u>Semprevivo</u>, this court noted:

> The rational underlying the requirement that a plaintiff demonstrate exceptional circumstances in multi-defendant cases stems from a management problem that arises in such cases. In multi-defendant cases where the complaint has been dismissed as to only one defendant,
>
>> the case likely will have proceeded and discovery undertaken at least with respect to the action(s) against the remaining defendant or defendants. Thus vacation of the dismissal has the capacity of substantially delaying all further proceedings. To permit appropriate case management, the rule requires the consent order to be submitted within [sixty] days after the dismissal or, in the alternative, on motion for good cause shown within [ninety] days of the order of dismissal or on a showing of exceptional circumstances thereafter.
>
> [468 N.J. Super. at 12-13 (quoting Pressler & Verniero, cmt. 1.2 on <u>R.</u> 1:13-7(a)).]

We further observed, "the general concept of relaxing a rule when adherence to it would result in an injustice takes on added significance when a rule involves case management and a party is facing the ultimate sanction of dismissal with prejudice." <u>Id.</u> at 13. Moreover, we commented, "[i]ndeed, the management problem the rule was intended to address – delay of all further proceedings

12

This court has "recognized the term, 'good cause,' evades a precise definition." Semprevivo, 468 N.J. Super. at 14. Good cause "requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." Delaware Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002). "[E]ven a substantial delay—in some cases a year or more—will not bar the continued prosecution of the action where the failure of timely service was either for good cause or attributable only to counsel's neglect and, in addition, the defendant was not prejudiced . . . ." Ghandi v. Cespedes, 390 N.J. Super. 193, 197 (App. Div. 2007) (quoting Rivera v. Atl. Coast Rehab Ctr., 321 N.J. Super. 340, 346-47 (App. Div. 1999)) (emphasis in original). "[A]bsent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under [Rule 1:13-7] should be viewed with great liberality." Ibid.[5]

---

against defendants that have participated in the case and taken discovery – did not exist." Id. at 14.

[5] This court has found reinstatement was appropriate despite fairly significant delays, see Baskett, 422 N.J. Super. at 384-85 (thirty-three-month delay) and Ghandi, 390 N.J. Super. at 195 (delay of seventeen months).

A-0988-23

In applying the good cause standard in <u>Semprevivo</u>, we determined "the principles . . . espoused in <u>Ghandi</u> and <u>Baskett</u> require[d] reversal of the court's order denying [the] plaintiffs' reinstatement motion.  The record [was] devoid of any blame directly attributable to [the] plaintiffs.  Indeed, . . . the blame [laid] with the firm's staffing issues."  468 N.J. Super. at 15.  This court concluded that "[t]he denial of [the] plaintiffs' reinstatement motion constituted a mistaken exercise of discretion and the judge erred as a matter of law by dismissing the complaint with prejudice."  <u>Id.</u> at 16.

In applying the good cause standard in <u>Baskett</u>, we expressed concern with an attorney's "lack of attention" to the case which caused a considerable delay in moving to reinstate the complaint following a dismissal under <u>Rule</u> 1:13-7.  422 N.J. Super. at 385.  However, we noted,

> in light of the good cause standard and lack of evidence of prejudice to defendant, [this court is] constrained to balance the factors of <u>Rule</u> 1:13-7(a) in such a way as to comport with the indulgence mandated by <u>Ghandi</u>.  Consequently, because [this court] view[ed] plaintiffs as essentially blameless, the courthouse doors should not be locked and sealed to prevent their claims from being resolved in the judicial forum.
>
> [<u>Ibid.</u> (citation omitted).]

Here, plaintiff is in a similar position to the plaintiffs in <u>Ghandi</u>, <u>Baskett</u>, and <u>Semprevivo</u>.  Plaintiff filed a complaint and served it on both defendants,

14

discovery was never conducted, and neither defendant successfully filed an answer with the court. There is no question plaintiff's firm lacked diligence in prosecuting this case. That said, defendants' failure to file an answer also contributed to the delays in this matter. Notably, the parties were cooperating in executing consent orders to vacate the defaults entered against defendants, and it appears the parties were trying to iron out the procedural obstacles to move the case toward the discovery phase. However, the consent orders never included language to vacate the Rule 1:13-7 dismissals, so defendants were never in a position to file their answers. Regardless, one point is clear. The delays in this matter were in no way attributable to plaintiff, who was blameless like the plaintiffs in Ghandi, Baskett, and Semprevivo.

Regarding the issue of the alleged prejudice to defendants if this case were reinstated, we again turn to Baskett for guidance. There, the defendant argued that he was prejudiced by the passage of time. Nevertheless, we found "other than generalities . . . or conjectures . . . , [the] defendant failed to demonstrate any prejudice whatsoever." 422 N.J. Super. at 384-85. This court rejected the defendant's assertions about "[t]he potential unavailability of witnesses, the potential destruction or loss of evidence, lack of discovery from [p]laintiffs, [and] the lack of depositions." Id. at 385 (alterations in original). This court

15

A-0988-23

found "[t]here [was] not a scintilla of evidence in the record to suggest that anything in this parade of horribles exists or is likely to come to pass." Ibid. Thus, we found the trial court "misapplied both the law and its discretion in denying the motions to reinstate the complaint." Ibid.

Here, defendants' arguments that they are prejudiced are similar to those advanced by the defendants in Baskett. Accordingly, there was insufficient evidence of prejudice in the record, and the passage of time alone could not support the court's finding. Furthermore, unlike the procedural history here, the defendants in Baskett were not personally served with process prior to the dismissal for lack of prosecution. Id. at 379. Here, defendants were served with the complaint and were actively communicating with the court and plaintiff's firm, and submitted consent orders in an effort to file an answer prior to the administrative dismissal. That is, defense counsel was engaged and prepared to defend the case from the outset, but because of procedural missteps by both parties, an answer was not filed and therefore no discovery took place. Defendants were not surprised or prejudiced by being brought into a case at a late juncture where the case had already proceeded for a considerable time against a co-defendant. We therefore determine defendants have not demonstrated the prejudice required under Rule 1:13-7.

16

Applying the principles articulated in <u>Ghandi</u> and <u>Baskett</u>, we conclude the trial court misapplied its discretion because while certain delays were caused by the transgressions of plaintiff's firm, plaintiff himself is blameless and there is no evidence demonstrating prejudice to defendants. As we have stated, "[w]e appreciate the desirability of the prompt disposal of cases." <u>Audubon Volunteer Fire Co. No. 1 v. Church Constr. Co.</u>, 206 N.J. Super. 405, 406 (App. Div. 1986). However, "[e]agerness to move cases must defer to our paramount duty to administer justice in the individual case." <u>Ibid.</u> Despite plaintiff's law firm's lack of attention to the file, which we by no means condone, it is unfair to visit the sins of plaintiff's firm on plaintiff particularly given the lack of prejudice to defendants.

Therefore, reinstatement is warranted under <u>Rule</u> 1:13-7, and the matter should proceed to be adjudicated on the merits. We leave it to the trial court's sound discretion on remand to set a reasonable discovery schedule so the matter may proceed without any further unnecessary delay.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0988-23